

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLAYTON SAMUEL WILSON,
Plaintiff,
v.
EXPERIAN INFORMATION SOLUTIONS, INC.,
Defendant.

Case No.:

# VERIFIED COMPLAINT

Plaintiff brings this action against Experian Information Solutions, Inc. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., and alleges as follows:

## I. JURISDICTION & VENUE

1. This Court has federal-question jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1681p.
2. Venue is proper under 28 U.S.C. §1391 because Plaintiff resides in this District, and a substantial part of the events giving rise to these claims occurred here.

## II. PARTIES

3. Plaintiff **CLAYTON SAMUEL WILSON** is a "consumer" as defined by 15 U.S.C. §1681a(c), residing in Bridgeport, Connecticut.
4. Defendant **EXPERIAN INFORMATION SOLUTIONS, INC.** ("Experian") is a consumer reporting agency ("CRA") as defined in 15 U.S.C. §1681a(f).

## III. FACTUAL ALLEGATIONS

5. Experian is reporting several inaccurate, incomplete, and legally impossible negative tradelines on Plaintiff's consumer report, including accounts furnished by:
    - Brigit / Coastal Community Bank
    - First Premier Bank
    - Austin Capital Bank
    - Verizon Wireless

6. These accounts contain **late payments** or **delinquency statuses** that are **legally impossible** because the furnishers violated **15 U.S.C. §1666b**, which requires billing statements be mailed or delivered **at least 21 days before a due date**.
7. Because the furnishers violated §1666b, any "late payment" they reported is **inaccurate as a matter of law**.
8. On or about **July 2025**, Plaintiff submitted a formal written dispute to Experian regarding the inaccurate reporting on his Experian consumer report.
9. Plaintiff provided Experian with:
   a. A detailed explanation of why the reporting was inaccurate;
   b. Notice of the furnishers' violations of **15 U.S.C. §1637(b)** and **§1666b**;
   c. Documentation supporting his dispute.
10. Experian **failed to conduct a reasonable reinvestigation** as required by **15 U.S.C. §1681i(a)(1)**.
11. Experian did not forward all relevant information to the furnishers, in violation of **§1681i(a)(2)**.
12. Experian failed to review, evaluate, or consider the evidence Plaintiff submitted, violating **§1681i(a)(4)**.
13. Experian instead "verified" the accounts using an automated system (e-OSCAR) without independent investigation.
14. Experian continued reporting the inaccurate information, violating **§1681i(a)(5)**.
15. Experian also violated **§1681e(b)** by failing to maintain maximum possible accuracy in Plaintiff's consumer report.
16. As a result of Experian's failures, Plaintiff suffered:

- Denial of credit
- Lowered credit score
- Emotional distress
- Loss of credit opportunities

## IV. CAUSES OF ACTION

# COUNT I – Violation of 15 U.S.C. §1681e(b)

(Failure to Maintain Maximum Possible Accuracy)

17. Plaintiff re-alleges all paragraphs above.
18. Experian reported inaccurate negative information despite obvious legal deficiencies.
19. Such inaccurate reporting caused Plaintiff economic and emotional damages.

# COUNT II – Violation of 15 U.S.C. §1681i

(Failure to Conduct Reasonable Reinvestigation)

20. Plaintiff disputed the inaccurate reporting in July 2025.
21. Experian failed to reasonably reinvestigate.
22. Experian failed to forward all evidence to furnishers.
23. Experian falsely "verified" inaccurate information.
24. Plaintiff suffered damages as a direct result.

## V. DAMAGES

Plaintiff seeks:

- Statutory damages under §1681n
- Actual damages under §1681o
- Punitive damages
- Declaratory and injunctive relief

## VI. PRAYER FOR RELIEF

Plaintiff demands judgment against Experian for all available damages, costs, and equitable relief.

## JURY DEMAND

Plaintiff demands trial by jury.

## VERIFICATION

I, Clayton Samuel Wilson, declare under penalty of perjury that the facts stated in this Verified Complaint are true and correct to the best of my knowledge.

**Clayton Samuel Wilson**
Date: 11/24/25

*[signature]* UCC 1-308